Ronald L. Richman (SBN 139189)
Sarah Bowen (SBN 308633)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA  94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:  ron.richman@bullivant.com
         sarah.bowen@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> SEB ENGINEERING, INC., dba STEWART ENGINEERING INC., a California corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR A MANDATORY INJUNCTION** |

NOW COME the plaintiffs, hereinabove named, and for their causes of action against defendant, allege as follows:

# I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreements described below and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947, as amended ("LMRA") and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from the defendant's failure to permit a complete audit of its books and records as required by the collective bargaining agreements, by the written trust agreements and by provisions of federal law.

2. Venue for this action is proper in the U.S. District Court for the Northern District of California under 29 U.S.C. §1132(e)(2) (ERISA §502(e)(2)) because contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

# II. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to 29 U.S.C. §§186(c)(5) and 186(c)(6) (LMRA §§302(c)(5) and 302(c)(6)). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers ("Laborers Union") and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to, 29 U.S.C. §§1002(3) and 1002(37) (ERISA § 3(3) and 3(37)). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4. Each of the Trust Funds is a third-party beneficiary of the collective bargaining agreements described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to 29 U.S.C. §186 (LMRA §302) and a multi-employer benefit plan within the meaning of 29 U.S.C. §§1002 and 1003 (ERISA §§3 and 4).

6. The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant SEB Engineering, Inc., doing business as Stewart Engineering Inc., ("Stewart Engineering") was and is a licensed general engineering contractor in California, with its principal place of business located in Redding, California. Plaintiffs are further informed and believe, and upon that ground allege, that Stewart Engineering is and has been an employer within the meaning of 29 U.S.C. §§1002(5) and 1145 (ERISA §§3(5) and 515), and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §185 (LMRA §301).

### III. FIRST CLAIM FOR RELIEF

**(Breach of Collective Bargaining Agreement)**

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-7 of this complaint.

9. On or about February 7, 2011, Stewart Engineering entered into a Memorandum Agreement with the Northern California District Council of Laborers and pursuant to the Memorandum Agreement, became bound to a written collective bargaining agreement with the Laborers Union entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written trust agreements which established

the Trust Funds. Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and Trust Agreements, defendant promised and agreed that: (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against the signatory, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. By virtue of the Master Agreement and Trust Agreements, defendant further promised and agreed that it would permit an auditor assigned by the Trust Funds to enter upon Stewart Engineering's business premises during business hours, at a reasonable time or times, not less than two (2) working days after such request, to examine and copy its books and records, papers or reports as may be necessary to determine whether defendant is making full and prompt payment of all sums due to be paid to the Trust Funds.

12. The Master Agreement between the Laborers Union and Stewart Engineering has never been terminated.

13. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

///

///

///

14. Within the past four years, defendant Stewart Engineering materially breached and broke the aforesaid Master Agreement and Trust Agreements in the following respects:

    a. By failing to report and failing to pay (not reported, not paid) in full, pursuant to an audit, all employee fringe benefit contributions on behalf of its covered employees for the period January 2013 through March 2017 in the principal amount of $2,554.40, according to proof at trial;

    b. By failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions (not reported, not paid), pursuant to audit, for the period January 2013 through March 2017 in an amount to be proven at trial; and

15. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amount, according to proof at trial: for unpaid contributions (not reported, not paid), pursuant to audit in the principal amount of $2,554.40 plus interest and liquidated damages in an amount to be proven at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

16. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the Trust Agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## IV. SECOND CLAIM FOR RELIEF
## RECOVERY OF UNPAID TRUST FUND CONTRIBUTIONS
## (ERISA §§502(g)(2), 515)

17. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1–16 of this complaint.

18. ERISA §515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of their collective bargaining

1  agreement with the Laborers Union.  Pursuant to the provisions of their Trust Agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

19.   Plaintiffs are informed and believe, and on that ground allege, that defendant failed to report, and failed to pay (not reported, not paid), pursuant to audit, employee fringe benefit contributions into each Trust Fund for the period January 2013 through March 2017 in the principal amount of $2,554.40, according to proof at trial.  Defendant is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

20.   Pursuant to the provisions of ERISA, section 502(g)(2), 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following statutory relief:

   (a)   Under section 502(g)(2)(A):  for unpaid contributions (not reported, not paid) pursuant to an audit, in the principal amount of $2,554.40, according to proof at trial;

   (b)   Section 502(g)(2)(B):  for contributions not reported and not paid (audit), an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $3,863.90 through July 16, 2021, according to proof at trial; and

   (c)   Section 502(g)(2)(C):  the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $3,863.90 through July 16, 2021, according to proof at trial.

21. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

## V. THIRD CLAIM FOR RELIEF

### (Mandatory Injunction)

### (29 U.S.C. §1132(g)(2)(E); ERISA §502(g)(2)(E))

22. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in Paragraphs 1-21 of this complaint.

23. Pursuant to the terms and conditions of the Master Agreement and Trust Agreements, Stewart Engineering is required to allow the Trust Funds access to all of its books and records for the period April 1, 2017, through the present to determine the amount of Trust Fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

24. Pursuant to 29 U.S.C. §1132(g)(2)(E) (ERISA §502(g)(2)(E)), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to 29 U.S.C. §1132(a)(3) (ERISA § 502(a)(3)), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring Stewart Engineering to permit plaintiffs' auditor access to all of its books and records for the period April 1, 2017, through the present in order to permit plaintiffs to verify the precise amounts owed by defendant to the Trust Funds.

25. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy, in that a complete audit of the books and records for Stewart Engineering is the only means to accurately verify the amounts owed by defendant to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. RELIEF REQUESTED

WHEREFORE, plaintiffs pray for judgment as follows:

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows:

    (a) For unpaid contributions (not reported, not paid) pursuant to audit, in the principal amount of $2,554.40 plus interest and liquidated damages in an amount to be proven at trial; and

    (b) for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, for recovery under ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendant as follows:

    (a) Under section 502(g)(2)(A): for unpaid contributions (not reported, not paid) pursuant to an audit, in the principal amount of $2,554.40, according to proof at trial;

    (b) Under section 502(g)(2)(B): an award of interest on the unpaid fringe benefit contributions (not reported, not paid) pursuant to an audit at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $3,863.90 through July 16, 2021;

    (c) Under section 502(g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely

1  report and pay all employee fringe benefit contributions into each Trust

2  Funds, calculated to be $3,863.90 through July 16, 2021; and

3      (d)    Under section 502(g)(2)(D):  an award of attorneys' fees and costs

4  incurred by plaintiffs in the bringing of the within action, and for such

5  other or further amounts as may be shown at trial, and for such other

6  further relief as the Court may deem just and proper.

7      2.    On the Third Claim for Relief, that Stewart Engineering be compelled to
8  forthwith submit to an audit of its books and records of the following projects by an auditor
9  selected by plaintiffs, which audit is to be conducted at Stewart Engineering's business premises
10 during business hours, at a reasonable time or times, and to allow said auditor to examine and
11 copy such books, records, papers, and reports of defendant Stewart Engineering that are relevant
12 to the enforcement of the collective bargaining agreement and Trust Agreements, including, but
13 not limited to, the following for the period April 1, 2017 through the present:

California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records, including time cards and time card summaries for all employees; contribution reports for all trust funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other books and records that may be necessary to complete the auditor's determination or provide additional explanation.

20 DATED:  September 3, 2021

                BULLIVANT HOUSER BAILEY PC

By    _____
     Ronald L. Richman
     Sarah Bowen

Attorneys for